UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6360-CR-DIMITROULEAS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| PABLO ANAYA, et. al., | ) |
| | ) |
| Defendants. | ) |

## GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States of America hereby files this response to the Standing Discovery Order issued in this case. This response is numbered to correspond to that Order.

A.  1.  There are no written statements or taped confessions made by any of the defendants. Numerous conversations were recorded during this investigation. The recordings obtained during the investigation are contained on 27 audiotapes and 32 videotapes. A copy of all of the audiotapes and videotapes have been forwarded to Assistant Federal Public Defender Robert Berube. Copies of these recordings can be obtained from Mr. Berube by contacting him at (954) 356-7436 or visiting his office located at 101 NE Third Avenue, Suite 202, in Fort Lauderdale.

2.  There are oral statements made by the defendants Francisco Ortega, Ricky Sanchez, Diorki Medina, Felix Ugarte, Ramon Villares, and Adriano Martinez. before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government will offer in evidence at trial, other than a personal history taken at the time of arrest. Said statements were produced with the attached letter.

3.  None of the defendants testified before a grand jury.

4.  The criminal records of the defendant are contained within the government's production of bate stamped documents of 1-739 that is available for copying by the defense at Lanier Professional Services as explained in the attached letter.



      5. Books, papers, documents, etc., which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected by making an appointment with undersigned counsel. Such items include, but are not limited to, the bate stamped documents of 1-739 that is available for copying by the defense at Lanier Professional Services as explained in the attached letter.

      6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.     The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made to pursuant to Rule 16(b) of the **Federal Rules of Criminal Procedure**.

C.     The government is aware of information or material which may be favorable on the issues of guilt or punishment within the scope of Brady. See Ramon Villares statement produced in with the attached letter and the statements of defendants Jose Enrique Sanchez, a/k/a "Ricky," Adriano Martinez, Yosmany Nunez, Aquilino Dimitri Alonso, and Ismael Eng, a/k/a "Chino," on December 3, 1999 and the statement of Guillermo Reyes on November 18, 1999 which are contained within the bate stamped documents of 1-739 that is available for copying by the defense at Lanier Professional Services as explained in the attached letter.

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.     The government is unaware of any prior convictions of the informant who may testify for the government at trial.

F.     Some of the defendants were identified in a lineup, show-up, photo spread, or similar identification proceeding which are contained within the bate stamped documents of 1-739 that is available for copying by the defense at Lanier Professional Services as explained in the attached letter.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will advise the defendants prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise.

I.  The defendants are not aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury Testimony of all witnesses who will testify for the government at the trial of this cause.

K.  Controlled substances were not involved in this investigation.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that remains in police custody.

M.  The government is presently unaware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the **Federal Rules of Criminal Procedure**, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule (16)b of the **Federal Rules of Criminal Procedure**, in accordance with Rule 12.1 of the **Federal Rules of Criminal Procedure**, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense were:

1.  Date: On or about October 15, 1999 and October 16, 1999
    Place: 1370 West Industrial Avenue in Boynton Beach, Florida, Bay C-115;
    a parking lot located at Hypoluxo Road and Federal Highway in Palm Beach County; A Plus Storage at 12981 SW 137 Avenue, Bay 375 in Miami; Texaco station located at the intersection of Sunrise Boulevard and NW 15th Street; the backyard of a residence located at 31st Avenue and 31st Street in Miami; and the intersection of NW 26th Street and NW 30 Avenue and 2980 NW 26 Street in Miami.

3

2. Date: On or about November 7, 1999, November 8, 1999 and November 17, 1999
   Place: 3637 NW 19th Street in Fort Lauderdale; the parking lot of the Seminole Indian Tobacco Shop located at 5950 North State Road 7 in Hollywood, Florida; and Bay #125 located at 7661 NW 68th Street in Miami.

3. Date: Between the evening hours of November 25, 1999 and the morning hours of November 26, 1999 in South Miami Dade County, Florida; and on or about December 2, 1999.
   Place: 3637 NW 19th Street in Fort Lauderdale; Popeye's Chicken Restaurant located at NW 14th Avenue and NW 20th Street in Miami; 1773 NW 21st Street in Miami; and the Ryder rental center located at 3005 NW 87 Avenue in Miami.

The attachments to this response are numbered pages 1 through 739 that is available for copying by the defense at Lanier Professional Services as explained in the attached letter. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]* for

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court Number A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301
Tel. (954) 356-7255
Fax. (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 24th day of January 2001 to counsel of record.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY



U.S. Department of Justice

United States Attorney
Southern District of Florida

500 East Broward Boulvard, Suite 700
Fort Lauderdale, FL 33394
(954) 356-7255

January 23, 2001

Stephen Golembe, Esq.
2601 S. Bayshore Drive, # 1400
Miami, FL 33133

Brian Bieber, Esq.
Douglas Center
2600 Douglas Road, Penthouse 1
Coral Gables, FL 33134

Scott Sakin, Esq.
1411 N. River Drive
Miami, FL 33125

Richard Moore, Esq.
1 NE 2nd Avenue, #200
White Building
Miami, FL 33132

Arnaldo Suri, Esq.
9745 SW 77th Street
Miami, FL 33173

Rene Palomino, Esq.
9555 N. Kendall Drive
Miami, FL 33176

Robert Berube, AFPD
101 NE 3rd Avenue, #202
Ft. Lauderdale, FL 33301

Jorge Alonso, Esq.
800 Douglas Road, #219
Coral Gables, FL 33134

Juan Gonzalez, Esq.
11305 SW 24th Terrace
Miami, FL 33165

Leonardo Spitale, Esq.
3191 Coral Way, #619
Miami, FL 33145

Joel DeFabi, Esq.
2121 Ponce De Leon Blvd., # 430
Coral Gables, FL. 33134

> RE: United States vs. Pablo Anaya, et. al., case number 00-6360-CR-DIMITROULEAS and
> United States vs. Aquilino Dimitri Alonso, case number 00-6361-CR-DIMITROULEAS

Gentlemen:

The discoverable materials in these cases are voluminous and the number of defendants is large. Therefore, I have forwarded a bate stamped copy of 739 pages of documents discoverable in these cases to a copier service for your retrieval. The copier service is called Lanier Professional Services. Lanier Professional Services can be telephonically contacted at (954) 472-2166. The contact person is Karen Biringer.

Numerous conversations were recorded during this investigation. The recordings obtained during the investigation are contained on 27 audiotapes and 32 videotapes. A copy of all of the audiotapes and videotapes have been forwarded to Assistant Federal Public Defender Robert Berube. Copies of these recordings can be obtained from Mr. Berube by contacting him at (954) 356-7436 or visiting his office located at 101 NE Third Avenue, Suite 202, in Fort Lauderdale.

Transcripts of the previous referenced audiotape recordings have been prepared. Each of the audiotapes contains multiple conversations and not all of the conversations are delineated by the time of their occurrence. Therefore, I could not devise a system to inventory the transcripts other than to bate stamp each page. Once the transcripts are bate stamped, the transcripts will also be forwarded to the above-listed copier service so you can make arrangements to receive a set of the same. I expect the transcripts to exceed 500 pages. I anticipate the transcripts will be available for copying at Lanier Professional Services no later than the end of this month. My secretary will forward a notice to you once the transcripts have been forwarded to the copier.

Copies of the post-arrest statements of the defendants that elected to make statements on December 22, 2000 and the debriefings of Francisco Ortega are included within the 739 pages of documents at the copier service. However, in an

attempt to facilitate the resolution of these copies, please find enclosed the debriefings of Francisco Ortega and Ricky Sanchez and copies of post-arrest statements made on December 22, 2000 by the following defendants: Diorki Medina, Felix Ugarte, Ramon Villares, and Adriano Martinez.

                Sincerely yours,

                GUY A. LEWIS
                UNITED STATES ATTORNEY

By: _____
                DONALD F. CHASE, II
                ASSISTANT U.S. ATTORNEY