UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6361-CR-DIMITROULEAS

UNITED STATES OF AMERICA          )
                                  )
                                  )
                                  )
v.                                )
                                  )
                                  )
                                  )
JOSE ALBERTO MENDEZ,              )
                                  )
              Defendant.          )
_____)

**NIGHT BOX
FILED**

APR - 1 2002

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY SENTENCE

The United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, hereby files this response to the defendant's motion to modify his sentence and shows that the same must be denied for being untimely. In support thereof, the following is shown:

1.      The defendant's motion to modify his restitution obligation as ordered on July 2, 2001 is untimely and cannot be considered by this Court. Federal Rule of Criminal Procedure 35(c) requires that a motion to modify or change a sentence be filed within seven (7) days of its imposition. The defendant did not file a motion to modify his sentence until March 22, 2002. The time for the defendant to challenge the amount of restitution he was obligated by this Court to pay expired on July 9, 2001[1]. In addition, an appeal could

_____

[1]Contrary to the assertions made in his motion, the defendant's monthly restitution payment is reasonable as evidenced by the defendant's ability to pay the same. The records at the clerk's office indicate a $1500.00 restitution payment was made by the defendant on February 15, 2002 and March 11, 2002. The defendant's probation officer reviewed records to determine the income generated by the two businesses owned by the defendant and his wife as well as past tax returns to calculate

1



have been filed challenging the restitution as set by this Court. No appeal was taken by the defendant of either his conviction or sentence. The defendant's failure to timely act has left this Court without authority to modify his sentence.

2.     The option of whether restitution shall be joint or liable is left to the discretion of the Court. Title 18, United States Code, Section 3664(h). Joint and several liability does not have to mirror the precise culpability of each codefendant when imposing restitution. United States v. Hunter, 52 F.3d 489, 494 (3rd Cir. 1995); United States v. Hand, 863 F.2d 1100, 1106 (3rd Cir. 1988)(in ordering restitution, the fact that burden of restitution laid entirely on one codefendant where two codefendants were equally culpable did not offend the Constitution and "certainly did not constitute an abuse of discretion."

3.     The Court did not abuse its discretion by finding the restitution owed by the defendants was to be paid jointly and severally. The offense of conviction involved the theft of a tractor trailer shipping interstate cargo of Canon toner cartridges, the offloading of the stolen merchandise into a warehouse, the abandonment of the stolen rig, the loading of the stolen merchandise into a rental truck and vans, and the attempted delivery of the same to a buyer for purchase. The offense of conviction occurred over a 2-day period. The theft of the interstate cargo and its attempted delivery for sale by the defendants did not transpire over a protracted period of time with the roles of each of the defendants easily compartmentalized as to their contribution to the loss suffered by the victim. The portion

_____

the monthly restitution payment for which the defendant would be obligated. The defendant's probation officer concluded that the defendant and his wife can earn approximately $4000.00 monthly and have a positive cash flow of about $1700.00 after paying necessary monthly expenses. The defendant agreed to the $1500.00 monthly restitution payment after stating he had "provided the USPO with a truthful accounting of my current income and expenses." See attached.

2

of the missing cargo constituted payment for the use of the warehouse to stash the stolen merchandise overnight until a buyer could be located. None of the defendants could have realized their expected profits from the theft of the merchandise unless a place could be found to hide the stolen cargo from law enforcement until a buyer was found.[2] Therefore, the assessment of joint and several liability for the restitution owed to the victims was proper[3].

WHEREFORE, for the foregoing reasons, the United States of America respectfully requests that the defendant's motion to modify his sentence be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 East Broward Boulevard
Suite 700
Fort Lauderdale, Florida 33394
Tel. (954) 356-7255, extension 3513
Fax. (954) 356-7336

---

[2] The only defendant to receive a role adjustment was the defendant Eduardo Rodriguez. Rodriguez was awarded a two level minor role reduction because he was the only defendant of those convicted to be present at the warehouse only one day (October 16, 1999) instead of both days (October 15, 1999 and October 16, 1999) charged in the indictment.

[3] If the defendant pays the restitution in full, Mendez can sue to recover that portion that he believes was owed by his codefendants. Such an occurrence is extremely unlikely. If Mendez pays as obligated the $1500.00 monthly until his probation expires on October 28, 2004, the defendant would have liquidated $46,000.00 of the $174,435.40 restitution owed to the victim.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this

2nd  day of April 2002 to Jorge A. Alonso, Esquire, 800 Douglas Road, Suite 219, Coral

Gables, Florida 33134

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

## FIN   CIAL OBLIGATION AGREEM   T

NAME: <u>Jose Alberto Mendez</u>                                SD/FL PACTS No. 66718

I understand that as part of my sentence in Docket Number: 00-6360-CR-DIMITROULEAS Judge, of the United States District Court, <u>Southern District of Florida</u>, the court has ordered the following monetary obligation be paid by me:

RESTITUTION<u> X </u>

I understand the total amount to be paid is $<u>174,.435.40</u>. To complete the obligation prior to my scheduled termination date of <u>10/28/04</u>, I am required to make monthly payments of $<u>1500.00</u>.

I have provided the USPO with a truthful accounting of my current income and expenses. Based on this information, **I agree to make monthly payments in the amount of $1500.00 effective <u>February 1, 2002</u> and continuing each month thereafter until this obligation is paid in full or until modified by my probation officer.** I understand that as my financial situation improves, my monthly payments will be increased accordingly. I further agree to submit 100% (or minimum of 50% if joint return) of any federal income tax return I may receive towards this financial obligation.

**Payments should be in the form of a cashier's check or money order <u>ONLY</u>. <u>NO PERSONAL CHECKS WILL BE ACCEPTED</u>. Please write the above docket number on each payment so that they are properly posted. Monies are to be made payable to:**

■    **Clerk, United States Courts** and forwarded to:  **U. S. Clerk's Office, Attention: Financial Section, 301 North Miami Avenue, Room 150, Miami, FL 33128.**

**A PHOTOCOPY OF EACH PAYMENT IS TO BE MAILED TO MY PROBATION OFFICER ON THE DATE THE PAYMENT IS SUBMITTED.**

I understand failure to make these court ordered payments constitutes a violation of my probation/supervised release or parole and could result in a warrant being issued for my arrest.

_____                           x _____
**WITNESS**                                                        **DEFENDANT**
**U.S. Probation Officer**                                    **Jose Alberto Mendez**
**Robert Posada**

_____                           _____
2/27/0)                                                             12/27/01
**DATE**                                                            **DATE**

Original to File
Copy to Supervised Releasee/Probationer/Parolee                                    FOA 309